UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

RAJAGOPALA SAMPATH RAGHAVENDRA,       :
also known as, "Randy S.
Raghavendra,"                         :

                       Plaintiff,     :    11 Civ. 9251 (PAC)(HBP)

     -against-                        :    REPORT AND
                                           RECOMMENDATION
LOUIS D. STOBER, JR., et al.,         :

                       Defendants.    :

----------------------------------X


          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE PAUL A. CROTTY, United States

District Judge,


I.   Introduction


          On November 7, 2011, plaintiff commenced this action in

the Supreme Court of the State of New York, New York County

against the following defendants:  Louis D. Stober, Jr.; the Law

Offices of Louis D. Stober, Jr., LLC ("Stober Law Offices"); Lee

C. Bollinger and the Trustees of Columbia University ("Columbia

Trustees").  On December 16, 2011, defendants Stober and the

Stober Law Offices (collectively, the "Stober Defendants") filed

a Notice of Removal in this Court pursuant to 28 U.S.C. § 1441

asserting that there was federal question jurisdiction (Docket Item 4).

By letter dated December 23, 2011, plaintiff objected to removal of his state court action and moved to remand the matter, claiming lack of subject matter jurisdiction.  Plaintiff also filed a notice of motion dated January 4, 2012, wherein he requested the same relief (Docket Item 19).

Defendants Bollinger and the Columbia Trustees (collectively, the "Columbia Defendants") consented to the Stober Defendants' removal of the action by letter dated December 29, 2011.  However, they also declined to submit a response to plaintiff's motion to remand.

For the reasons set forth below, I respectfully recommend that plaintiff's motion to remand this action to the New York Supreme Court be granted.  I further recommend that the Clerk of the Court be directed to close as moot all pending motions in 11 Civ. 9251.

II.  <u>Facts</u>

    A.  Facts Underlying the
        <u>Present Action</u>

The Honorable Paul A. Crotty, United States District Judge, succinctly summarized the facts underlying this action in

Raghavendra v. Trustees of Columbia Univ., 686 F. Supp. 2d 332, 334-35 (S.D.N.Y. 2010), aff'd in part, rev'd in part on other grounds, 434 F. App'x 31 (2d Cir. 2011):[1]

> [P]laintiff Rajagopala S. Raghavendra ("Raghavendra") alleges that the Trustees of Columbia University in the City of New York ("Columbia") violated his civil rights and retaliated against him when he complained about it.  The alleged conduct commenced in 2001, leading up to his claimed wrongful termination in 2005.  Litigation commenced in 2006 and has dragged on since then, resulting on occasion in other lawsuits initiated by Raghavendra against different defendants on various theories of liability.
>
> On July 30, 2009, at the conclusion of an all day mediation session which involved Raghavendra, his attorney, and Columbia, plus their counsel, as well as a mediator, Raghavendra signed a document entitled, "Terms of Settlement between Rajagopala S. Raghavendra ("Raghavendra") and the Trustees of Columbia University in the City of New York ("Columbia")" (the "Settlement Agreement").  The Settlement Agreement provides for the withdrawal of all of Raghavendra's claims, in return for the payment of a very substantial dollar settlement award, and it also addresses how employment references will be handled in the future.  The Settlement Agreement states:  "The terms set forth above are final and binding upon the parties."  Almost immediately after signing the Settlement Agreement, Raghavendra filed a flurry of motions seeking to disavow the Settlement Agreement and objecting to any payment of legal fees [to the Stober Defendants].

---

[1]The facts underlying this action are also set forth in greater detail in Raghavendra v. Trustees of Columbia Univ., 06 Civ 6841 (PAC)(HBP), 2008 WL 2696226 (S.D.N.Y. July 7, 2008) (Crotty, D.J.) and Raghavendra v. N.L.R.B., 08 Civ. 8120 (PAC)(HBP), 2009 WL 5908013 (S.D.N.Y. Aug. 27, 2009) (Pitman, M.J.) (Report and Recommendation).

Plaintiff's application to set aside the settlement agreement and his objection to the Stober Defendants' motion for legal fees were unsuccessful.  Judge Crotty determined that the settlement agreement entered into by plaintiff and the Columbia Defendants was valid and enforceable, and, further, that the Stober Defendants were entitled to recover their full contingency fee as provided for under the retainer agreement -- i.e., one-third of the settlement amount.  Raghavendra v. Trustees of Columbia Univ., supra, 686 F. Supp. 2d at 335-38.  Although the Court of Appeals for the Second Circuit reversed Judge Crotty's determination concerning the amount of legal fees recoverable by the Stober Defendants and remanded the matter for further factual findings on that specific issue, the Second Circuit affirmed his determination that the settlement agreement was valid and en-forceable.  Raghavendra v. Trustees of Columbia Univ., supra, 434 F. App'x at 32.

B.   The Present Motion

Approximately two months after the Second Circuit rendered its decision, plaintiff commenced this action in the New York Supreme Court against the Stober Defendants and the Columbia Defendants.  In this complaint, plaintiff asserted the following claims against the Stober Defendants:  (1) fraudulent inducement

4

with respect to the retainer agreement between plaintiff and the Stober Defendants; (2) breach of the same retainer agreement; (3) breach of the settlement agreement between plaintiff and the Columbia Defendants; (4) tortious interference with the same settlement agreement; (5) legal malpractice and (6) intentional infliction of emotional distress.  Plaintiff also asserted the following claims against the Columbia Defendants:  (1) breach of the settlement agreement between plaintiff and the Columbia Defendants; (2) tortious interference with the same settlement agreement and (3) intentional infliction of emotional distress (see Plaintiff's Verified Complaint, dated Nov. 4, 2011 ("Compl.") (Ex. A attached to Notice of Removal, dated Dec. 16, 2011 ("Notice of Removal") (Docket Item 4)), VI, 108-48).

Plaintiff served the Columbia Defendants with a Summons and the Verified Complaint on November 24, 2011, and he served the Stober Defendants with the same on November 28, 2011 (Notice of Removal at ¶ 6).  As already noted above, the Stober Defen-dants filed, with the consent of the Columbia Defendants, a timely Notice of Removal on the basis of federal question juris-diction (Notice of Removal at ¶ 6).  Specifically, the Stober Defendants contend that removal of plaintiff's state court action is proper because (1) plaintiff is merely attempting to attack the validity of a federal judgment in state court and (2) the

state court action raises issues that are related to the fee dispute pending before this Court, and, thus, this Court may exercise supplemental jurisdiction over the entire case (Notice of Removal at ¶ 11).

Plaintiff opposes removal of the action on the ground that this Court lacks subject matter jurisdiction.  Specifically, plaintiff argues that his action consists of only New York state law claims (<u>see</u> Plaintiff's Affirmation in Support of Motion for Remand Back to the Supreme Court of the State of New York and Motion for Kind [<u>sic</u>] Recusal of this District Court Judge, dated Jan. 4, 2012 ("Pl.'s Aff. in Supp. of Mot. to Remand") (Docket Item 19), ¶¶ 75-76).  Further, plaintiff contends that the state law claims -- <u>e.g.</u>, claims concerning the Stober Defendants' putative breaches of the retainer agreement and settlement agreement -- are not barred by the doctrines of collateral estoppel and <u>res judicata</u> because such claims "were [never] litigated and never previously resolved and or never subjected to 'Due Process' [<u>sic</u>] or any 'Evidentiary Hearings' in any court of law . . . . " (Pl.'s Aff. in Supp. of Mot. to Remand at ¶ 77).

III. <u>Analysis</u>

    A.    Motion to
        <u>Remand Standards</u>

The Honorable Sandra J. Feuerstein, United States District Judge, succinctly set forth the standards applicable to a motion to remand in <u>Yatauro v. Mangano</u>, No. 11-CV-3079 (SJF)(AKT), 2011 WL 2610562 at *2 (E.D.N.Y. July 1, 2011):

> Pursuant to the removal statute, 28 U.S.C. § 1441(a), a civil action filed in state court may only be removed by the defendant to federal court if the district court has original subject matter jurisdiction over the plaintiff's claim.  <u>See Montefiore Medical Center v. Teamsters Local 272</u>, 642 F.3d 321, 2011 WL 1498823, at *3 (2d Cir. Apr. 21, 2011); <u>Lupo v. Human Affairs International, Inc.</u>, 28 F.3d 269, 271 (2d Cir. 1994).  Federal district courts are "courts of limited jurisdiction."  <u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, 545 U.S. 546, 125 S.Ct. 2611, 2616-2617, 162 L.Ed.2d 502 (2005), and only have original subject matter jurisdiction over cases in which there is a federal question, <u>see</u> 28 U.S.C. § 1331, and cases between citizens of different states, <u>see</u> 28 U.S.C. § 1332.  Removal jurisdiction must be "strictly construed," <u>Syngenta Crop Protection, Inc. v. Henson</u>, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), and any doubts resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states."  <u>In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation</u>, 488 F.3d 112, 124 (2d Cir. 2007).
>
> The burden of proving the Court's removal jurisdiction rests upon the party asserting jurisdiction.  <u>See Montefiore Medical Center</u>, 642 F.3d 321, 2011 WL 1498823, at *3; <u>California Public Employees' Retirement System v. WorldCom, Inc.</u>, 368 F.3d 86, 100 (2d Cir. 2004).  "In determining whether jurisdiction is proper,

[courts] look only to the jurisdictional facts alleged in the Notice [] of Removal." In re MTBE Products Liability Litigation[,] 488 F.3d at 124.  "A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)) . . . .

See also In re Village of Kiryas Joel, New York, 11 Civ. 8494 (ER), 2012 WL 1059395 at *2 (S.D.N.Y. Mar. 29, 2012) (Ramos, D.J.); Allstate Ins. Co. v. Ace Sec. Corp., 11 Civ. 1914 (LBS), 2011 WL 3628852 at *3 (S.D.N.Y. Aug. 17, 2011) (Sand, D.J.).

Additionally, "[o]n a motion for remand, [the court] 'must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff []' . . . . " Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC, 11 Civ. 2232 (NRB), 2011 WL 4965150 at *2 (S.D.N.Y. Oct. 19, 2011) (Buchwald, D.J.), quoting In re NASDAQ Mkt. Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (Sweet, D.J.); see also Weiss v. Hager, 11 Civ. 2740 (VB), 2011 WL 6425542 at *2 (S.D.N.Y. Dec. 19, 2011) (Briccetti, D.J.); Allstate Ins. Co. v. Ace Sec. Corp., supra, 2011 WL 3628852 at *3.

"'[T]he well-pleaded complaint' rule determines whether an action arises under the Constitution, laws, or treaties of the United States." Yatauro v. Mangano, supra, 2011 WL 2610562 at *3, citing Franchise Tax Bd. of State of California v. Constr.

Laborers Vacation Trust for S. California, 463 U.S. 1, 9-10
(1983); see also S. New England Tel. Co. v. Global NAPs Inc., 624
F.3d 123, 132 (2d Cir. 2010); Sullivan v. Am. Airlines, Inc., 424
F.3d 267, 271 (2d Cir. 2005).  Pursuant to this rule, whether
federal question jurisdiction exists "'must be determined from
what necessarily appears in the plaintiff's statement of his own
claim in the bill or declaration, unaided by anything alleged in
anticipation of avoidance or defenses which it is thought the
defendant may interpose.'"  Yatauro v. Mangano, supra, 2011 WL
2610562 at *3, quoting Franchise Tax Bd. of State of California
v. Constr. Laborers Vacation Trust for S. California, supra, 463
U.S. at 10; see also S. New England Tel. Co. v. Global NAPs Inc.,
supra, 624 F.3d at 132; Sullivan v. Am. Airlines, Inc., supra,
424 F.3d at 271.

     "The artful-pleading doctrine [is] a corollary to the
well-pleaded [] complaint rule [and] rests on the principle that
a plaintiff may not defeat federal subject matter jurisdiction by
'artfully pleading' his complaint as if it arises under state law
where the plaintiff's suit is, in essence, based on federal law."
Sullivan v. Am. Airlines, Inc., supra, 424 F.3d at 271, citing in
part Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475-76
(1998).  Thus, in the event that a federal court is faced with
such a complaint, "the complaint [may be construed] as if it

raised the federal claim that actually underlies the plaintiff's suit." Sullivan v. Am. Airlines, Inc., supra, 424 F.3d at 271-72, citing in part Rivet v. Regions Bank of Louisiana, supra, 522 U.S. at 475.

      B.   Application of the
           Foregoing Principles

      Plaintiff's state court complaint alleges claims for breach of contract, tortious interference with contract, legal malpractice and intentional infliction of emotional distress.  In broad overview, plaintiff alleges the following with respect to the Stober Defendants and the Columbia Defendants.

      Plaintiff's first claim alleges that the Stober Defendants induced him to enter into a retainer agreement based on the fraudulent and misleading representation that they would abide by the rules of professional conduct for attorneys and provide him with "[h]onest and professional" representation. Plaintiff also alleges that the Stober Defendants were interested only in settling his actions in order to recover legal fees and that they did not, at any point during their representation of him, intend to litigate his actions to a jury trial (see Compl. at 108-11 (Ex. A attached to Notice of Removal)).

Plaintiff's second claim alleges that the Stober Defendants breached the same retainer agreement in several ways, e.g., by failing to file certain motions as he had directed, by assigning his case to a young associate with no experience in civil rights matters, by conspiring with the Columbia Defendants to settle his pending actions at the mediation session held on July 30, 2009, by actually settling his pending actions in lieu of proceeding to a jury trial, by failing to support his motion to set aside the settlement agreement, by filing a claim for legal fees and so forth (see Compl. at 111-19 (Ex. A attached to Notice of Removal)).

Plaintiff's third and fourth claims allege that the Stober Defendants both breached and tortiously interfered with the settlement agreement entered into on July 30, 2009 by seeking this Court's supplemental jurisdiction "for resolving their alleged (bogus) attorney fee claims" when the agreement contained an "'Absolutely No Attorney Fee Payment From Settlement Proceeds' clause" (see Compl. at 119-37 (Ex. A attached to Notice of Removal)).

Finally, plaintiff alleges that the Stober Defendants committed legal malpractice and intentional infliction of emotional distress based upon substantially the same facts set forth

above (see Compl. at 125-37 (Ex. A attached to Notice of Re-
moval)).

　　　　　With respect to plaintiff's three claims against the
Columbia Defendants -- breach of the settlement agreement,
tortious interference with the settlement agreement and inten-
tional infliction of emotional distress -- plaintiff alleges that
the Columbia Defendants have, to date, failed to pay him the
proceeds owing under the settlement agreement, have wrongfully
supported the Stober Defendants' motion for legal fees and
continue to discriminate and retaliate against him by declining
to interview him for any Columbia University position that he has
applied for since the settlement was reached (see Compl. at 138-
48 (Ex. A attached to Notice of Removal)).

　　　　　In support of removal, the Stober Defendants first
argue that plaintiff's state court complaint raises a substantial
federal question because he is merely attacking the validity of
Judge Crotty's decision in Raghavendra v. Trustees of Columbia
Univ., supra, 686 F. Supp. 2d 332.  As a result, the Stober
Defendants contend that plaintiff's state court action should be
decided as a motion pursuant to Fed.R.Civ.P. 60(b) (see Notice of
Removal at ¶¶ 7, 11; see also Stober Defendants' Opposition to
Motion to Remand, dated Jan. 6, 2012 ("Stober Defs.' Opp. to Mot.
to Remand") (Docket Item 14), ¶¶ 8, 11; Stober Defendants'

12

Opposition to Motion to Remand and for Recusal, dated Jan. 27, 2012 ("Stober Defs.' Second Opp. to Mot. to Remand") (Docket Item 22), ¶¶ 2-3, 7-8, 17).  Further, the Stober Defendants refer to allegations in plaintiff's state court complaint that "the Stober Defendants 'deliberately misled the federal court,' 'lied' to this Court, and blatantly misrepresented' facts to this Court in order to obtain [] its rulings" as additional support for federal question jurisdiction in this case (Stober Defs.' Opp. to Mot. to Remand at ¶ 10; <u>see also</u> Stober Defs.' Second Opp. to Mot. to Remand at ¶ 2).

        The crux of the Stober Defendants' argument is that plaintiff should not be permitted to re-litigate issues in state court that have already been decided by Judge Crotty in federal court.  In fact, after removal of this action, the Stober Defendants filed a motion to dismiss largely on the basis of issue and claim preclusion (<u>see</u> Docket Items 5 and 6).  These federal defenses, however, do not create federal question jurisdiction sufficient to justify removal of a state court action where such jurisdiction does not otherwise exist.  <u>See</u> <u>Rivet v. Regions Bank of Louisiana</u>, <u>supra</u>, 522 U.S. 470; <u>see also</u> 14B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice & Procedure</u> § 3722.1, at 355-63 (4th ed. 2009).

In Rivet v. Regions Bank of Louisiana, supra, 522 U.S. 470, the United States Supreme Court addressed the issue of whether "removal [of an action to a federal court] may be predicated on a defendant's assertion that a prior federal judgment has disposed of the entire matter and thus bars [a] plaintiff [] from later pursuing a state-law-based case," 522 U.S. at 472, and concluded that removal under these circumstances was improper.

Rivet arose out of a Bankruptcy Court Order voiding the lien of the holder of a second mortgage on a piece of real property.  When the owner of the property filed for bankruptcy, the first mortgagee was the successful bidder at the foreclosure sale, and the Bankruptcy Court approved the sale and ordered the recorder of mortgages to cancel all liens and encumbrances, including the second mortgagee's.  The recorder of mortgages, however, failed to cancel the second mortgage on the record and the second mortgagee subsequently brought an action in state court seeking to enforce the mortgage against a purchaser of the land.  The first mortgagee and the purchaser removed the action to federal court on the ground that the second mortgagee's rights had been terminated by the Bankruptcy Court Order.  The District Court and the Court of Appeals for the Fifth Circuit both denied a motion to remand the matter to state court.  522 U.S. at 472-74.

The Supreme Court reversed and held that a defense to a state-law claim based on the preclusive effect of a prior federal judgment was not sufficient to support the removal of an action to federal court. After noting that the presence or absence of a federal question sufficient to justify removal is assessed on the basis of the allegations set forth in the complaint, the Supreme Court explained:

> Under the doctrine of claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." [Federated Dep't Stores, Inc. v. Moitie, 452 U.S 394, 398 (1981)]; see also Baker v. General Motors Corp., 522 U.S. 222, 233, n.5 [] ("a valid final adjudication of a claim precludes a second action on that claim or any part of it"). Claim preclusion (res judicata), as Rule 8(c) of the Federal Rules of Civil Procedure makes clear, is an affirmative defense. See also Blonder-Tongue Laboratories, Inc. v. University of Ill. Foundation, 402 U.S. 313, 350 [] ("Res judicata and collateral estoppel [issue preclusion] are affirmative defenses that must be pleaded." (italics omitted)).
>
> A case blocked by the claim preclusive effect of a prior federal judgment differs from the standard case governed by a completely preemptive federal statute in this critical respect:  The prior federal judgment does not transform the plaintiff's state-law claims into federal claims but rather extinguishes them altogether. See Commissioner v. Sunnen, 333 U.S. 591, 597 [] (1948) ("The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.").  Under the well-pleaded complaint rule, preclusion thus remains a defensive plea involving no recasting of the plaintiff's complaint, and is therefore not a proper basis for removal.

522 U.S. at 476-77.

Rivet has been routinely followed by the Second Cir-
cuit.  See Domnister v. Exclusive Ambulette, Inc., 607 F.3d 84,
91 (2d Cir. 2010) (vacating district court's order dismissing
plaintiffs' removed state court complaint and stating "contrary
to defendants' contention, a district court must have subject-
matter jurisdiction in order to dismiss a case based on either
issue or claim preclusion."); Russell v. Legal Aid Soc'y of New
York, 200 F. App'x 37, 38 (2d Cir. 2006) ("While the preclusive
effect of the district court's earlier dismissals is a question
of federal law, this is nonetheless merely a defense to [plain-
tiff's] claim and not a question of federal law that would allow
for removal . . . .").

In support of their opposition to plaintiff's motion to
remand, the Stober Defendants rely on:  (1) Palkow v. CSX
Transp., Inc., 331 F. Supp. 2d 594, 598 (N.D. Ohio 2004) ("Palkow
I") and (2) Black v. Niagara Mohawk Power Corp., 641 F. Supp.
799, 801-02 (N.D.N.Y. 1986) ("Black").  These cases, however, are
clearly no longer good law.

First, although the federal district court in Palkow I
held that removal of a state court action was proper where the
plaintiff's state court complaint sought to challenge the valid-
ity of a previously obtained federal judgment, this decision was

16

reversed by the Sixth Circuit on the basis of the Supreme Court's decision in <u>Rivet</u>.  <u>Palkow v. CSX Transp., Inc.</u>, 431 F.3d 543, 551 (6th Cir. 2005) ("<u>Palkow II</u>").  Second, in reversing <u>Palkow I</u>, the Sixth Circuit examined the cases upon which the federal district court had relied -- which included <u>Black</u> -- and explained that the rationale underlying those cases was no longer tenable after <u>Rivet</u>.  <u>Palkow v. CSX Transp., Inc.</u>, <u>supra</u>, 431 F.3d at 546-56.

It may be that the Stober Defendants are ultimately correct that the factual allegations underlying plaintiff's state court action are the same as those that were presented to -- and rejected by -- this Court when plaintiff (1) sought to set aside the settlement agreement and (2) objected to the Stober Defendants' motion for legal fees.  However, as explained above, a claim preclusion defense based on a prior judgment of a federal court cannot be a basis for removal where the federal court does not otherwise have original jurisdiction over the action.  Accordingly, because plaintiff's state court action consists of only state law claims, the Stober Defendants' first argument in support of removal is without merit.

The Stober Defendants' second argument in support of removal is similarly without merit.  Specifically, the Stober Defendants contend that the claims raised in plaintiff's state

court action are "so related to the fee dispute still pending before Judge Crotty in 06-CV-6841 that they form part of the same case or controversy, [and, thus,] the Court may exercise supplemental jurisdiction over the entire case pursuant to 28 U.S.C. § 1367" (Notice of Removal at ¶¶ 7, 11; <u>see</u> <u>also</u> Stober Defs.' Opp. to Mot. to Remand at ¶¶ 8, 15; Stober Defs.' Second Opp. to Mot. to Remand at ¶ 17).

This argument fails, however, because "supplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint . . . -- 'even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.'" <u>Port Auth. of New York & New Jersey v. Allianz Ins. Co.</u>, 443 F. Supp. 2d 548, 555 (S.D.N.Y. 2006) (Mukasey, D.J.), <u>quoting</u> <u>Ahearn v. Charter Twp. of Bloomfield</u>, 100 F.3d 451, 456 (6th Cir. 1996); <u>see</u> <u>In re Rosenkranz</u>, 01 Civ. 635 (WK)(DF), 2001 WL 406250 at *1 (S.D.N.Y. Apr. 19, 2001) (Knapp, D.J.) (collecting cases); <u>McClelland v. Longhitano</u>, 140 F. Supp. 2d 201, 202-04 (N.D.N.Y. 2001); <u>see</u> <u>also</u> 14B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice & Procedure</u>, <u>supra</u>, § 3722 at 152-54 ("[A] defendant may not base . . . removal on the supplemental jurisdiction statute, 28 U.S.C.A. § 1367."); <u>accord</u> <u>Nowak v.</u>

Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir.
1996) ("While the district court may, at its discretion, exercise
supplemental jurisdiction over state law claims even where it has
dismissed all claims over which it had original jurisdiction
. . . it cannot exercise supplemental jurisdiction unless there
is first a proper basis for original federal jurisdiction.")
(collecting cases).  Accordingly, the Stober Defendants' second
argument in support of removal is also without merit.

IV.   Conclusion

          For all the foregoing reasons, I respectfully recommend
that plaintiff's motion to remand this action to the New York
Supreme Court be granted.  I further recommend that the Clerk of
the Court be directed to close as moot all pending motions in 11
Civ. 9251, which would result in the closure of:  Docket Item 5;
Docket Item 13; Docket Item 15; Docket Item 16 and Docket Item
19.

V.   OBJECTIONS

          Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and

responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Paul A. Crotty, United States District Judge, 500 Pearl Street, Room 735, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        May 21, 2012

                              Respectfully submitted,


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies mailed to:

Mr. Rajagopala S. Raghavendra
P.O. Box 7066
Hicksville, New York  11802-7066

                              20

Mercedes Colwin, Esq.
Dudley G. Jordan, Esq.
Gordon & Rees, LLP
23rd Floor
90 Broad Street
New York, New York  10004

Edward A. Brill, Esq.
Susan D. Friedfel, Esq.
Proskauer Rose LLP
11 Times Square
New York, New York  10036