UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: June 18, 2012 | |

RAJAGOPALA S. RAGHAVENDRA a/k/a           :
RANDY S. RAGHAVENDRA,
                                          :

                    Plaintiff,            :

                                          :     11 Civ. 9251 (PAC) (HBP)
          - against -                     :

                                          :     ORDER ADOPTING R&R
LOUIS D. STOBER, Jr., et al.              :

                                          :
                    Defendants.           :
----------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On November 7, 2011, pro se plaintiff Rajagopala Raghavendra ("Plaintiff") instituted this action against Louis D. Stober, Jr., the Law Offices of Louis D. Stober, Jr., LLC (collectively, the "Stober Defendants"), Lee C. Bollinger and the Trustees of Columbia University (collectively, the "Columbia Defendants"), in New York Supreme Court. On December 16, 2011, the Stober Defendants removed the action, pursuant to 28 U.S.C. § 1441, asserting federal question jurisdiction. On December 23, 2011, Plaintiff moved to remand, claiming lack of subject matter jurisdiction.[1]

On May 21, 2012, Magistrate Judge Henry Pitman issued a Report and Recommendation ("R&R"), recommending that the Court grant Plaintiff's motion to remand. No objections to the R&R have been filed. For the reasons that follow, the Court adopts Magistrate Judge Pitman's R&R in its entirety and GRANTS Plaintiff's motion to remand.

---

[1] The Columbia Defendants consented to the removal, but did not respond to Plaintiff's motion to remand.

## I.    Facts[2]

### A. Prior Litigation

This litigation has a long and tortured history, beginning on September 6, 2006, when Plaintiff filed a wrongful termination action against the Columbia Defendants. See Raghavendra v. Trustees of Columbia Univ., No. 06 Civ. 6841. There has been numerous opinions written and it appears that Plaintiff prefers to continue his dispute, rather than resolving it in a traditional manner.[3]  The facts relevant to the current iteration of the ongoing dispute are detailed below.

On July 30, 2009, the Plaintiff, who was then represented by the Stober Defendants, and the Columbia Defendants reached a settlement agreement (the "Settlement Agreement"). Almost immediately thereafter, Plaintiff disavowed the Settlement Agreement, and objected to the Stober Defendants' request for legal fees. The Court found the Settlement Agreement to be valid and enforceable, and held that the Stober Defendants were entitled to recover their legal fees. The Second Circuit affirmed the Court's holding with respect to the Settlement Agreement, but reversed and remanded for further factual findings regarding the Stober Defendants' fees. That dispute is still pending before this Court.

### B. Present Case

Approximately two months after the Second Circuit rendered its decision, instead of proceeding to resolve the fee dispute as the Second Circuit obviously intended, Plaintiff decided to open a new front by starting a "new" case in the State forum. He alleged the following State claims against the Stober Defendants: (1) fraudulent inducement with respect to their retainer

---

[2]  The facts are taken from the R&R.

[3]  See e.g., Raghavendra v. Trustees of Columbia Univ., 686 F. Supp. 2d 332 (S.D.N.Y. 2010), aff'd in part, vacated in part, remanded by 434 F. App'x 31 (2d Cir. 2011); Raghavendra v. Trustees of Columbia Univ., 06 Civ 6841 (PAC)(HBP), 2008 WL 2696226 (S.D.N.Y. July 7, 2008); Raghavendra v. N.L.R.B., 08 Civ. 8120 (PAC)(HBP), 2009 WL 5908013 (S.D.N.Y. Aug. 27, 2009).

agreement; (2) breach of the retainer agreement; (3) breach of the Settlement Agreement; (4) tortious interference with the Settlement Agreement; (5) legal malpractice; and (6) intentional infliction of emotional distress. Plaintiff also raised the following State claims against the Columbia Defendants: (1) breach of the Settlement Agreement; (2) tortious interference with the Settlement Agreement; and (3) intentional infliction of emotional distress.

The Stober Defendants argue that federal jurisdiction exists over Plaintiff's state law claims because: (1) Plaintiff's action is merely attacking the validity of this Court's prior judgment; and (2) Plaintiff's state law claims form part of the same case or controversy as the fee dispute currently pending before this Court, thus providing the Court with supplemental jurisdiction.

## II. Magistrate Judge Pitman's Report and Recommendation

Under 28 U.S.C. § 1441(a), "a civil action filed in state court may only be removed by the defendant to federal court if the district court has original subject matter jurisdiction over the plaintiff's claim." Yatauro v. Mangano, 11-CV-3079 (SJF) (AKT), 2011 WL 2610562 at *2 (E.D.N.Y. July 1, 2011). In analyzing jurisdiction, a court must look only to the jurisdictional facts alleged in the Notice of Removal. See id.

### 1. The Stober Defendants' First Ground for Removal

The Stober Defendants argue that Plaintiff's state law complaint merely attacks the validity of this Court's prior judgment and therefore should be treated as a motion for relief from a final judgment, under Fed. R. Civ. P. 60(b). "The crux of the Stober Defendants' argument is that the plaintiff should not be permitted to re-litigate issues in state court that have already been decided by Judge Crotty in federal court." (R&R 13.)

3

"Congress has not authorized removal based on a defense or anticipated defense federal in character." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 478 (1998). Accordingly, "a party's assertion of [issue or] claim preclusion cannot provide a federal court with removal jurisdiction." Domnister v. Exclusive Ambulette, Inc., 607 F.3d 84, 91 (2d Cir. 2010).[4]

Since the preclusive effect of this Court's prior judgment "does not create federal question jurisdiction sufficient to justify removal of a state court action where such jurisdiction does not otherwise exist," Magistrate Judge Pitman recommended that the Court find that the Stober Defendants' first ground for removal is without merit. (R&R 13-17.)

### 2. Supplemental Jurisdiction

The Stober Defendants argue that since the state law claims are related to the fee dispute currently pending before this Court, that the Court should exercise supplemental jurisdiction over Plaintiff's state court action.

"[S]upplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint under 28 U.S.C. § 1441(a)-'even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.'" Port Auth. of New York & New Jersey v. Allianz Ins. Co., 443 F. Supp. 2d 548, 555 (S.D.N.Y. 2006) (quoting Ahearn v. Charter

---

[4] Even if Plaintiff could have raised his arguments through a Fed. R. Civ. P. 60(b) motion, as the Stober Defendants argue, the Court would still lack original subject matter jurisdiction. The Federal Rules of Civil Procedure do not "provide an independent ground for subject matter jurisdiction over an action for which there is no other basis for jurisdiction." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 70 (2d Cir. 1990). Only where a Fed. R. Civ. P. 60 claim either "(1) seeks no relief other than relief from a prior judgment or (2) is originally filed in the same court that rendered the judgment[,] [does] the district court ha[ve] 'continuing jurisdiction' such that no independent basis for subject matter jurisdiction is required." Palkow v. CSX Transp., Inc., 431 F.3d 543, 555 (6th Cir. 2005). Neither alternative is applicable here.

4

Twp. Of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996)).  Since supplemental jurisdiction cannot

provide original jurisdiction, Magistrate Judge Pitman recommended that the Court find that the

Stober Defendants' second ground for removal is without merit.  (R&R 18-19.)

 Having found both grounds for removal to be without merit, Magistrate Judge Pitman

recommended that the Court grant Plaintiff's motion to remand, for lack of subject matter

jurisdiction.

### III. Discussion

 While the Plaintiff's state action is a trespass on common sense, and is a splendid

example of litigation gone haywire, those factors do not create federal jurisdiction.  The State

Courts are fully capable of discerning what the Plaintiff is attempting to do.

 The Court has reviewed the report and recommendation, pursuant to 28 U.S.C. §

636(b)(1)(C).  The Court notes that neither the Stober Defendants, nor the Columbia Defendants

filed objections.  There is no clear error in Magistrate Judge Pitman's thorough and scholarly

report.  Accordingly, the Court adopts Magistrate Judge Pitman's R&R in its entirety.

### IV. Conclusion

 For the foregoing reasons, Plaintiff's motion to remand his state court action to New

York Supreme Court is GRANTED.  The Clerk of Court is directed to remand this case to New

York Supreme Court.

Dated: New York, New York
  June 18, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

5